UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 28, 2012

MEMO TO COUNSEL RE: Verron Bretemps v. Town of Brentwood, Maryland, et al.
Civil No. JFM-12-2638

Dear Counsel:

      I have reviewed the memoranda submitted in connection with the Town of Brentwood's motion to dismiss counts V and VI and alternative motion to bifurcate count V, Risik's and Montgomery-Wright's motion to dismiss count VI, and plaintiff's motion to waive the notice requirements of Section 5-304.  The Town of Brentwood's motion is granted in part and denied in part; Risik and Montgomery-Wright's motion is granted; and plaintiff's motion is denied.

      In count VI plaintiff asserts a claim for alleged violations of rights protected by the Maryland constitution.  As plaintiff acknowledges, he failed to meet the 180 day notice requirement of the Local Government Tort Claims Act.  He has failed to show good cause for his failure to do so.  He was represented by counsel long before the 180-day period expired. Although plaintiff blames his lawyer for not filing a timely notice, plaintiff chose his lawyer and, vis-à-vis defendants, is responsible for any mistake his lawyer made.

      Because the claim asserted in count VI is barred because of plaintiff's failure to meet the notice requirement of Section 5-304 of the local government tort claims act, count VI must be dismissed.

      It is also highly questionable whether plaintiff has asserted any viable claim against the Town of Brentwood in count V.  It appears from plaintiff's allegations that his real complaint is that Montgomery-Wright and Risik conspired with one another to commit wrongs against him for their own personal interest.  It is not clear how their alleged actions further any policy of the Town of Brentwood.  However, because Montgomery-Wright was the mayor of the Town of Brentwood and Risik was its chief of police, it may be that together they formulated a municipal policy for which the Town of Brentwood is liable.  Therefore, their motion to dismiss count V is denied, without prejudice to their raising anew the same issues they have raised in their motion to dismiss by way of a motion for summary judgment at the conclusion of discovery.

      It appears that because plaintiff's claims against the Town of Brentwood are based entirely upon the official positions held by Montgomery-Wright and Risik, the scope of

discovery will not be expanded by the non-dismissal of count V.[1]  Accordingly, the Town of Brentwood's alternative motion to bifurcate count V is also denied.  Again, this ruling is without prejudice to the Town of Brentwood renewing its motion at a later stage of these proceedings if it concludes that there is good reason for bifurcation of the claim asserted in count V at trial.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,

      /s/

      J. Frederick Motz
      United States District Judge

---

[1] I note that a claim for negligent hiring is not cognizable under 42 U.S.C. §1983.  Therefore, plaintiff may not conduct any discovery about whether the Town of Brentwood was negligent in not investigating Risik's background before hiring him.